ANNE MANNING, as Administratrix, etc., Respondent, *v.* THE PORT HENRY IRON ORE COMPANY OF LAKE CHAMPLAIN, Appellant.

Under the provision of the act of 1870 (Chap. 78, Laws of 1870) in reference to compensation for causing death by negligence, which provides

that the amount of damages recovered shall draw interest from the time of the death, "which interest shall be added to the verdict," the jury have nothing to do with the question of interest; that is to be added to the damages inserted in the entry of judgment by the clerk; and this although the jury in making up damages awarded in fact included the interest.

*It seems* that the remedy of the defendant in such case, if any, is to move to set aside the verdict.

(Argued February 8, 1883; decided March 6, 1883.)

THIS was an appeal from an order of General Term, reversing an order of Special Term, which denied a motion to strike from the entry of judgment the sum of $933.92 added to the verdict and inserted in the entry of judgment by the clerk as and for interest on the verdict, and modifying the judgment by striking out such item. (Mem. of decision below, 27 Hun, 219.)

The action was to recover damages for alleged negligence causing the death of plaintiff's intestate.

Upon the trial of the action, the jury came into court and were inquired of, by the clerk, whether they had agreed upon their verdict, and announced, through their foreman, that they had agreed upon a verdict for the plaintiff in the sum of $3,000. The clerk thereupon made a formal entry of the rendition of this verdict for the plaintiff in the minutes.

Afterward, the plaintiff's counsel called the attention of the court to the statute on the subject, and inadvertently suggested that the clerk be instructed to add interest to the verdict, in accordance with its provisions. The learned judge replied: "I don't know about that; I'll see." And directed the jury to retire and consider the matter. The jury subsequently informed the judge, as follows: "We intend to include interest to date." The clerk then made this entry in his minutes: "The jury, on being inquired of by the court whether they intended to include interest, by the direction of the court, the jury retired to consider the matter and again returned into court and said they included interest to date." This entry, however, was so made without any direction from the court, and was never read, or its substance stated to the jury or assented to by them in any way.

The court here say : " The statute under which this recovery was had (Chap. 78, Laws of 1870) provides that the amount of damages recovered shall draw interest from the time of the death of the person killed, 'which interest shall be added to the verdict and inserted in the entry of the judgment.' The jury have nothing to do with the interest. That is to be added to the damages, and inserted in the entry of the judgment by the clerk. Here the jury rendered a verdict for $3,000. It matters not now how or by what process of reasoning or method of computation they arrived at it. That was their verdict, and to that the clerk was directed by the statute to add the interest. If the jury in fact included interest in making up the amount of damages awarded by them, the remedy of the defendant, if any, was to move to set aside the verdict upon that ground. That it did not do, and it must fail in its motion to strike out the interest added by the clerk in strict conformity to the statute."

*Samuel Hand* for appellant.

*M. D. Grover* for respondent.

*Per curiam* opinion for reversaₐ of order of General Term and affirmance of that of Special Term.
All concur.
Ordered accordingly.